FILED

MAY 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK MORROW, Jr.,

        Plaintiff-Appellant,

v.

CITY OF OAKLAND; et al.,

        Defendants-Appellees.

No. 13-17658

D.C. No. 3:11-cv-02351-LB

MEMORANDUM[*] AND ORDER

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted April 24, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Oakland police officer Frank Morrow, Jr. appeals pro se the district court's

partial dismissal and partial summary judgment in his employment discrimination

action against the City of Oakland and individual defendants. We review de novo.

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (dismissal for

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir. 2008) (summary judgment). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in deciding that this case was not related to another case, *Allen v. City of Oakland*, No. C-00-4599-TEH, and would not be reassigned to the judge in *Allen*. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (standard of review for decision whether to consolidate cases).

The district court properly dismissed Morrow's Title VII claims for damages against the individual defendants because Title VII does not provide a cause of action against supervisors or co-workers. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007).

The district court properly dismissed Morrow's race discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981 because Morrow failed sufficiently to plead the element of an adverse employment action by alleging that defendants mishandled his employment grievances and police review board complaint. *See Davis*, 520 F.3d at 1089 (an adverse employment action is an action that materially affects the compensation, terms, conditions, or privileges of employment); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1126

2

(9th Cir. 2000) (failure to respond to grievances did not amount to an adverse employment action).

The district court properly dismissed Morrow's claim that he was subjected to harassment and a hostile work environment in violation of Title VII and the California Fair Employment and Housing Act ("FEHA") because Morrow did not allege that the conduct was sufficiently severe or pervasive. *See Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (Title VII claim requires plaintiff to establish conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment"); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (FEHA claim requires harassment so severe that it creates a hostile work environment).

The district court properly dismissed Morrow's claims that defendants denied him due process in the handling of grievances and complaints because Morrow failed to allege a constitutionally protected liberty interest. The settlement agreement in *Allen v. City of Oakland* does not set forth "substantive predicates to govern official decision making" or contain "explicit mandatory language that mandates a particular outcome." *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012) (explaining how constitutionally protected liberty interests can be created) (citation and internal quotation marks omitted).

3

The district court properly granted summary judgment for defendant Deputy Chief of Police Jeffrey Israel on Morrow's claim of race discrimination and retaliation under 42 U.S.C. § 1981 because Israel's declaration and other evidence submitted by defendants showed that he was not involved in job transfer decisions involving Morrow in 2007, and therefore did not act against Morrow with discriminatory or retaliatory intent. *See Stones v. L.A. Cmty. Coll. Dist.*, 796 F.2d 270, 272 (9th Cir. 1986) (describing intent required under § 1981).

Appellees' motion requesting judicial notice (Docket Entry No. 22) is denied.

**AFFIRMED.**